### 5095.  WARE, for use, etc. v. CHASON.

RUSSELL, C. J.  1, Under the ruling in *Erwin* v. *Harris*, 87 *Ga*. 333 (2),
   delivery of a shipment to a carrier, with a bill of lading to the order
   of the shipper, attached to a draft, does not constitute delivery to the
   consignee, but the carrier is an agent of the shipper, and title does
   not pass to the would-be purchaser. See, also, *Moss* v. *Sell*, 8 *Ga. App*.
   588 (70 S. E. 18).

2. One who purchases personal property presumably upon his personal
   credit and financial standing, and not as a cash transaction, is not
   bound to accept the property when shipped with a draft attached to the
   bill of lading.

3. Under the pleadings and the testimony adduced in behalf of the plain-
   tiff, the court did not err in awarding a nonsuit. *Judgment affirmed.*
                     DECIDED NOVEMBER 25, 1913.

Complaint; from city court of Bainbridge—Judge Spooner.
June 25, 1913.

Ware, for the use of Bailey, sued J. D. Chason on an open ac-
count for $175. The account was dated October 11, 1911, and
was for 100 bushels of cottonseed, "22 sacks shipped to Arlington,
Ga., and 22 sacks to Bainbridge." The defendant answered, deny-
ing indebtedness, and setting up that there was no written order
or contract for the goods, that they had not been accepted and that
they were not shipped in accordance with any agreement. On the
trial the plaintiff testified: "I sold the 100 bushels of cottonseed in
question, which Dr. Chason bought and agreed to pay $1.75 per
bushel. . . I am the grower of Ware's Special cottonseed, and
sold the Doctor 100 bushels at $1.75 per bushel, to be shipped half
to Arlington, Georgia, and half of said shipment to Bainbridge,
Georgia. In pursuance of this trade I immediately shipped to Dr.
J. D. Chason, 'order notify,' with sight draft attached, to Arling-
ton, 50 bushels of said seed, and 50 bushels of said seed, order
notify, with sight draft attached, to Bainbridge, Georgia, and on
the same day drew a draft on said J. D. Chason for $175 to cover
said seed, and attached the bills of lading to said sight draft, and
mailed it to a bank in Bainbridge for collection. Dr. Chason
refused to accept the seed, claiming that he did not buy anything
sight draft attached, as he had a commercial rating. Dr. Chason
did not tell me how to ship said seed, except half to Arlington
and half to Bainbridge. He said nothing about whether I should
draw a draft on him or not; so I pursued my usual custom and
drew a draft with bill of lading attached. Immediately upon his

turning the draft down I mailed him the bill of lading, which he re-turned to me, still refusing to accept the seed and writing me the letter of date of October 26, 1911. The seed were sold some time this year by the G., F. & A. Railway Company. Those seed were in first-class condition. I did all that I agreed to do and all that I could do. Dr. Chason never did tell me to ship the seed open; and as soon as I found out that he had refused to pay the draft, I mailed the bills of lading to him at Bainbridge, Georgia, his home. The 'O. N.' on the bills of lading means 'order notify.' The bills of lading were attached to the sight draft, and Dr. Chason could not have obtained the seed until he paid the draft. The title to the seed remained in me until Dr. Chason paid the draft. Dr. Chason failed to pay the draft. He made and signed the entry on the back of the draft, stating that he would not accept the seed. I read the entry made on the draft by Dr. Chason when it was re-turned to me. After reading the entry I detached the draft from the bills of lading and mailed the bills of lading to Dr. Chason. At the time I mailed them to Dr. Chason I knew that Chason had written that he would not accept the seed." The plaintiff intro-duced in evidence the bills of lading and the draft referred to, dated October 11, 1911, and a letter to him from J. D. Chason, dated October 26, 1911, saying: "I herewith return your bill of lading, and say to you again that you have sent me no bill and that your seed is subject to your order. You must remember that the seed is now probably ruined, lying in damp depot, salt and every-thing else, and I will not accept them or pay for them, as you did not ship as I instructed you to do and send bill to me, and to this precious hour you have sent no bill. I won't accept them at all now, as I feel they are ruined." With this evidence the plaintiff closed, and the court awarded a nonsuit; to which the plaintiff excepted.

*Bush & Stapleton,* for plaintiff, cited: Civil Code, §§ 3222-3; *Castlen* v. *Marshburn,* 8 *Ga. App.* 400.

*T. S. Hawes, Erle M. Donalson,* for defendant, cited: Civil Code, §§ 4125-6; *Moss* v. *Sell,* 8 *Ga. App.* 588; *Erwin* v. *Harris,* 87 *Ga.* 333 (2).