*Patterson & Copeland,* contra.

---

## 8831. DUDLEY *v.* ISLER.

1. "An exception based upon the refusal of the court to award a nonsuit will not be considered, where, subsequently thereto, the case is submitted to the jury, and, a verdict being rendered against the defendant, a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence, and without evidence to support it." *Atlantic Coast Line R. Co.* v. *Blalock,* 8 *Ga. App.* 44 (2) (68 S. E. 743) ; *Cobb* v. *Pope,* ante, 103 (4) (93 S. E. 1029).

2. "The refusal to direct a verdict is not error in any case." *Roper Grocery Co.* v. *Faver,* 8 *Ga. App.* 178 (68 S. E. 883) ; *Western & Atlantic R. Co.* v. *Callaway,* 111 *Ga.* 889 (2) (36 S. E. 967) ; *Owen* v. *Palmour,* 115 *Ga.* 683 (42 S. E. 53) ; *Kelly* v. *Strouse,* 116 *Ga.* 872 (3) (43 S. E. 280) ; *Woodson* v. *Holmes,* 117 *Ga.* 19 (43 S. E. 467) ; *Moore* v. *Carey,* 119 *Ga.* 91 (45 S. E. 976) ; *Remington* v. *Hopson,* 137 *Ga.* 95 (8) (72 S. E. 918).

3. "To maintain an action of trover, the plaintiff must show title in himself, or the right of possession wrongfully withheld from him by the defendant." *Groover* v. *Iler,* 1 *Ga. App.* 77 (57 S. E. 906) ; *Gilmore* **v.**

*Watson,* 23 *Ga.* 63; *Palmour* v. *Durham-Fertilizer Co.,* 97 *Ga.* 244 (22 S. E. 931).

4. Where a sale is relied upon by one as vendee thereunder, and it appears that possession is retained by the vendor, "something more than the parol agreement of sale relating to the transfer of the title and the possession is necessary to constitute constructive delivery. The statute requires something more than mere words; it calls for acts, to dispense with a writing. It must appear that after the parol contract was made, some act was done within the intention of the parties indicating an assertion of dominion over the goods by the vendee. It is no objection that such act be done by the vendor as the agent of the vendee. The vendee may constitute his vendor his bailee to accept the goods, but such bailee must do some act on the faith of the parol contract which characterizes his possession as that of agent or bailee of the vendee, or the vendee must do some act in recognition of the change in the character of the possession." *Walker* v. *Malsby Co.,* 134 *Ga.* 399, 404 (67 S. E. 1039).

DECIDED JANUARY 22, 1918.

Trover; from city court of Morgan—Judge Miller. April 14, 1917.

*H. M. Calhoun,* for plaintiff in error.

JENKINS, J. Isler brought a suit in trover against Dudley for the recovery of a certain mule, and obtained a verdict against the defendant. The defendant made a motion for a new trial, on the general grounds, and on the grounds that the court refused to grant a nonsuit, and refused to direct a verdict; the motion for a new trial was overruled, and he excepted. The evidence in the record presents the following case: Plaintiff testified that the mule in controversy was worth $125, and introduced in evidence a paper, a copy of which is as follows: "Jan. 23, 1913. Account against Bill Dudley. Due B. Isler, one hundred and twenty-five dollars and eighty-one cents, on one black mare mule name Lula, age 10 years. Due Nov. 15, 1913. [Signed] William Dudley." The plaintiff first testified that this was the basis of his suit (we presume on the theory that it embraced a valid bill of sale to the property therein described), but later on he testified that when it became due the defendant could not pay it, and that subsequently, some time in January, 1915, defendant sold him the mule to pay this debt, and that it was on this sale that he based his suit. He admitted that the mule was never actually delivered to him, and testified that it remained in the possession of the defendant, under an agreement that the latter might keep it for the purpose of hauling lumber for himself. He further testified that

he did not, at the time of the alleged sale, either turn over to the defendant his note, or take from him any bill of sale or other writing regarding the sale of the mule. The defendant denied the indebtedness represented by the paper introduced in evidence, and denied that he ever sold the mule to the plaintiff.

The paper introduced in evidence was insufficient in itself to show title to the mule in plaintiff, and especially is this true when it is taken in connection with the plaintiff's evidence. Nor is there in the evidence anything sufficient to authorize the holding that a subsequent sale was effected between the parties; nothing being there relied upon other than the mere parol unexecuted agreement for the sale of property, the value of which exceeded fifty dollars. The verdict, therefore, being without evidence to support it, is contrary to law, and the trial court erred in not setting it aside and granting a new trial.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*