CARROLL *v.* AMERICAN AGRICULTURAL CHEMICAL CO.

No. 8846.   October 20, 1932.

*G. C. Bidgood,* for plaintiff in error.   *C. C. Crockett,* contra.

HILL, J.   American Agricultural Chemical Company brought a petition for mandamus against Cecil E. Carroll doing business under the name and style of Dublin Bonded Warehouse, alleging that the defendant conducts a public warehouse for the receipt and storage of baled cotton; that on the receipt of the cotton he executes a bonded-warehouse receipt to the owner of the cotton, which receipt is "semi-negotiable;" that in the conduct of his business he issues receipts for the cotton stored, and keeps books as required by law, in which he enters an account of all of his transactions relating to his business as a warehouseman, and it is required by law of him that this book be open for inspection to any person actually interested in the property to which such entries relate; that petitioner is actually interested in the property to which such entries relate, in that petitioner sold to E. F. Jones, of Wheeler County, Georgia, certain fertilizers on April 13, 1931, for the sum of $808.14, and received from Jones a bill of sale to his crop of cotton of 180 acres on certain described land; and on the same date sold to O. H. Couey fertilizers in the sum of $217.13, receiving from him a bill of sale covering 65 acres of cotton on described land, these bills of sale being to secure the aforesaid debts.   Certain amounts of this cotton have been stored in defendant's warehouse; and though it is the property of petitioner and said debts have not been paid, petitioner is unable to ascertain the amounts of such property and the warehouse-receipt numbers, which it is interested in obtaining in order to protect its rights.   Petitioner likewise has other bills of sale of cotton stored in the same warehouse and is interested in ascertain-

ing the whereabouts of this cotton. Petitioner sent its duly authorized agent to the defendant to inspect the books in order to locate its property, and the defendant refused to allow an inspection of the books or to have them open for inspection. The prayers are for a mandamus, etc.

The defendant filed a demurrer on the ground that the petition set out no cause of action. The demurrer was overruled, and the defendant excepted.

Under the Civil Code (1910), § 5441, mandamus does not lie as a private remedy between individuals to enforce private rights. By § 5442 a private person is authorized to bring mandamus proceedings to enforce the performance of a public duty by a corporation, as to which the private person has a special interest. It does not appear in the instant case that the warehouse in question is a corporation. Mandamus is an available remedy where there is provided no other adequate relief to compel inferior or subordinate tribunals, magistrates, and all others exercising public authority to perform their duty; but such remedy can not be maintained against a private person. *State* v. *Powers,* 14 *Ga.* 388. As a general rule, mandamus will not lie to enforce purely private contract rights, and will not lie against an individual unless some obligation in the nature of a public or quasi public duty is imposed. 18 R. C. L. 142, § 59. While the Civil Code, § 5442, provides that a private person has the right to proceed against a corporation to enforce a public duty, there is no authority given in this State, either by statute or decision, so far as we are aware, which gives a private person the right to proceed by mandamus against a private individual for the enforcement of a private right or duty.

■ Nor is mandamus an available remedy where another remedy exists. *Bearden* v. *Daves,* 139 *Ga.* 635 (2) (77 S. E. 871); *Hall* v. *Martin,* 136 *Ga.* 549 (71 S. E. 803). In order for mandamus to be an available remedy, two things must appear: first, a duty imposed on the defendant to do the thing he is required to do; and second, pecuniary loss to the plaintiff, for which compensation can not be made in damages. See *Atlantic Ice & Coal Corporation* v. *Decatur,* 154 *Ga.* 882 (115 S. E. 912). In the instant case an adequate remedy exists under the Civil Code of 1910, three sections of which provide, respectively: "Every person or corporation desiring to become a bonded public warehouseman, under the authority

granted by the preceding section, shall give bond to an amount based on the estimated value said warehouseman will provide storage for. Said bond shall be made payable to the clerk of the superior court of the county wherein such bonded public warehouse is situated, and be conditioned for the faithful performance of his duties and liabilities as a bonded public warehouseman under the provisions of this section. The surety or sureties upon said bond shall be some one or more of the guarantee, surety, fidelity-insurance, or fidelity and deposit companies, which are described in paragraphs 2554 to 2562, all of which paragraphs are applicable to bonds given under this section so far as they are pertinent. The clerk of the superior court shall fix the amount of the bond and approve the surety." § 2911. "Whenever such bonded public warehouseman fails to perform his duty as such, or violates any of the provisions of this law relating to bonded public warehousemen, any person injured by such failure or violation may bring his action in a court of competent jurisdiction against the principal and sureties upon the bond of said warehouseman." § 2912. "Every such warehouseman shall keep a book in which shall be entered an account of all his transactions relating to warehousing, storing, and delivering cotton, goods, wares, and merchandise, and to the issuing of receipts therefor, which book shall be open to the inspection of any person actually interested in the property to which such entries relate." § 2916. It thus appears that for the failure of a bonded public warehouseman to perform his duty as such, or violation of any of the provisions of the law relating to such warehousemen, any person injured by such failure may bring his action against the principal and surety upon the bond of such warehouseman; and it follows that mandamus is not an available remedy in a case like the present. The court erred in overruling the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*