### 23365. McENTIRE v. NAYLOR.

SUTTON, J. 1. Under the evidence adduced on the trial of a trover action, the contract on which the plaintiff relied to show title and right of possession in himself was a mere executory agreement to sell, not passing title to the personalty which was the subject-matter of the trover action; and in such a case, although a part of the purchase-money has been paid down, the sale can not be rendered executed simply by a tender by the vendee of the remainder of the purchase-money, where the vendor, repudiating the contract, declines the tender and refuses to deliver the property. Civil Code (1910), 4125; *Dudley* v. *Isler,* 21 *Ga. App.* 615 (3, 4) (94 S. E. 827); *Clark* v. *Wood,* 39 *Ga. App.* 340 (147 S. E. 173). Accordingly, trover would not lie against the vendor, but the plaintiff's remedy would be an action for damages for breach of the contract. *Maddox* v. *Wagner,* 111 *Ga.* 146 (36 S. E. 609); *Clark* v. *Wood,* supra.

2. The court properly directed a verdict against the plaintiff, and did not err in overruling the plaintiff's motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 21, 1933.

*R. B. Lambert,* for plaintiff.   *H. A. Allen,* for defendant.