25502. FLYNT *v.* BALLETTE AMUSEMENT COMPANY.

DECIDED JUNE 11, 1936.

*J. A. Mitchell,* for plaintiff. *Hawes Cloud,* for defendant.

GUERRY, J. W. T. Flynt brought an action of trover against the Ballette Amusement Company to recover two pool tables. The plaintiff testified that he contracted to purchase from the defendant in Birmingham, Alabama, the two tables in question, which were to be shipped to him by express, C. O. D. When they reached Crawfordville "I told the agent (of the express company) 'I got the money to get them out,' but he said he could not, under instructions from the shipper not to do so, deliver the tables to me." The defendant gave bond and took possession of the tables. The jury found in favor of the plaintiff and the trial judge granted a new trial on motion of the defendant. This was the second grant of a new trial.

"It may be stated that as a general rule the plaintiff in an ac-

tion of trover must show title, either general or special, in himself at the time of the institution of the suit, actual possession, or right of immediate possession." *Livingston* v. *Epsten-Roberts Co.*, 50 *Ga. App.* 25 (177 S. E. 79). In the present case the property was shipped "cash on delivery." The defendant, because of an alleged fraud perpetrated upon it by the plaintiff, ordered the express company to refuse delivery. Does the evidence show any title in the property in the plaintiff, either general or special or right of immediate possession, that will support his action of trover? Where goods are shipped C. O. D. or order notify bill of lading attached, the title to the goods does not pass until the goods are paid for on delivery. *Crabb* v. *State*, 88 *Ga.* 584 (15 S. E. 455); *Southern Railway Co.* v. *Strozier*, 10 *Ga. App.* 157 (73 S. E. 42); *Delgado Mills* v. *Ga. R. & Bkg. Co.*, 144 *Ga.* 175 (86 S. E. 550); *Ware* v. *Chason*, 14 *Ga. App.* 47 (80 S. E. 21). In *McEntire* v. *Naylor*, 47 *Ga. App.* 752 (171 S. E. 387), it was said: "Although a part of the purchase money has been paid down, the sale can not be rendered executed simply by a tender by the vendee of the remainder of the purchase-money, where the vendor, repudiating the contract, declines the tender and refused to deliver the property." Accordingly trover would not lie in favor of the plaintiff against the defendant in the present case. The plaintiff's remedy would be an action for breach of contract. See *Castlen* v. *Marshburn*, 8 *Ga. App.* 400 (69 S. E. 317).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*