### 31224. COMSTOCK *v.* TARBUSH.

DECIDED APRIL 18, 1946.

*Thomas E. McLemore,* for plaintiff.
*George F. Fielding,* for defendant.

FELTON, J. 1. The Supreme Court transferred this case to this court (*Comstock* v. *Tarbush,* 200 *Ga.* —, 37 S. E. 2d, 148), which necessarily means that the court did not err in sustaining the demurrers insofar as they attacked the petition for failure to show that the plaintiff was entitled to equitable relief.

2. "Even though a plaintiff might not be entitled to equitable relief under his averments or prayers, the petition should not be dismissed on general demurrer if it states a cause of action good at law, since in such a case he would be entitled to prove and enforce his strictly legal rights and remedies according to the rules of law." *Latham* v. *Fowler,* 192 *Ga.* 686, 690 (16 S. E. 2d, 591), and cases cited. The petition as amended alleged an executed sale, which if proved would give to the plaintiff both the title to the property sued for and the right of possession thereto. The amended petition alleged that the property was sold *and* delivered to the plaintiff by the defendant, and that it was left in the possession of the defendant for a special purpose. Such possession was still, in law, the plaintiff's possession, since it did not contemplate surrender of the plaintiff's rights of title and possession. It is the contention of the defendant that there was only an executory contract, and that tender would not render it executed, and he cites *McEntire* v. *Naylor,* 47 *Ga. App.* 752 (171 S. E. 387). In that case there was no delivery of the property to the buyer, so neither the title nor the right of possession passed to him. "Three elements are essential to a contract of sale: 1. An identification of the thing sold. 2. An agreement as to the price to be paid. 3. Consent of the parties." Code, § 96-101. "A valuable consideration is essential to a sale; it must either be definite, or an agreement made by which it can be made certain; if its ascertainment becomes impossible, there is no sale." Code, § 96-104. "Generally the delivery of goods is essential to the perfection of a sale. The intention of the parties to a contract may dispense therewith; delivery need not be actual; constructive delivery may be inferred from facts. Until delivery is made or dispensed with the goods are at the risk of the seller." Code, § 96-107. If the price of goods was fixed and the delivery was perfect the contract was executed. *Butler* v. *Lawshe,* 74 *Ga.* 352. The fact that the price is to be ascertained by a method which is certain and exact subsequently to the contract does not affect the validity or com-

pleteness of the sale, nor does the fact that the sale is on credit. *Daniel* v. *Hannah,* 106 *Ga.* 91 (31 S. E. 734); *Loud* v. *Pritchett,* 104 *Ga.* 648 (30 S. E. 870); *Tift* v. *Wight & Weslosky Co.,* 113 *Ga.* 681 (39 S. E. 503); *Allen* v. *Sams,* 31 *Ga. App.* 405 (120 S. E. 808). In *Clark* v. *Wood,* 39 *Ga. App.* 340 (147 S. E. 173), there was no delivery. As to possession by the defendant as bailee, see *Dudley* v. *Isler,* 21 *Ga. App.* 615 (94 S. E. 827). Even if the price is considered as one for cash, the title passed. *Loud* v. *Pritchett,* supra. The petition in this case alleged every element of an executed sale—parties, agreement, definite method of fixing price, and delivery of the property. It follows that the plaintiff acquired the title and the right of possession to the property. The petition set forth a cause of action and the court erred in ruling to the contrary.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*