19857. BREGMAN *v.* ORKIN EXTERMINATING CO., INC.

ARGUED SEPTEMBER 12, 1957—DECIDED OCTOBER 11, 1957.

*Cohen, Roberts & Kohler,* for plaintiff in error.
*Irving K. Kaler, Allen Post, Moise, Post & Gardner,* contra.

WYATT, Presiding Justice. The first question presented, and in our opinion the controlling question, is whether or not mandamus is the proper procedure to obtain the relief sought by the plaintiff in error. The statute law of this State settles this question. "All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no other specific legal remedy for the legal rights." Code § 64-101. "A private person may by mandamus enforce the performance by a corporation of a public duty as to matters in which he has a special interest." Code § 64-103. "Corporators have a property interest in the franchise of voluntary private corporations, of which they can not be deprived except by due process of law. Mandamus will lie against the corporation to enforce such rights, if there is no other legal remedy." Code § 22-705.

In the instant case, the plaintiff in error, a stockholder in a private corporation, seeks by mandamus to compel the corpo-

ration to allow her to inspect the books and records of the corporation. This is, of course, a purely private right in no way affected with a public interest. If the remedy of mandamus is available to her, the right must be found in one of the above Code sections. The provisions of Code § 64-101 apply to public officers only, and for this reason do not apply in this case. Section 64-103 applies only in cases where there is "a public duty" involved, and is not applicable in this case. Code § 22-705 is applicable only when a franchise is involved. It is clear, therefore, that none of the above-quoted Code sections makes available the remedy of mandamus under the facts of this case. Since the legislature in providing for the writ of mandamus made no provision for the writ to enforce a private right in which the public has no interest, against a private corporation, the plaintiff in error in the instant case could not by mandamus enforce her right to inspect the books and records of the corporation.

The companion cases of Scott v. Flint River Pecan Co., 159 Ga. 668 (126 S. E. 769), and Flint River Pecan Co. v. Waters, 159 Ga. 682 (126 S. E. 775), are cited and relied upon by both plaintiff in error and defendant in error. In the Scott case, a petition in equity was brought, seeking in substance to compel the transfer of certain stock and to enjoin the defendant from interfering with the right of the plaintiff to examine the books and records of the corporation. This court there said: "We are forced to the conclusion that mandamus will not lie, but that an equitable petition seeking the relief will lie. We are of the opinion that the relief sought in the present case is not of such mandatory character as is forbidden by the statute as contained in our Code. . . The relief sought is by those who hold stock in a corporation by assignment, to examine the books of the corporation at reasonable hours and under reasonable circumstances in order to protect their own interests." The plain meaning of this language is that mandamus is not the proper remedy to enforce the right of a stockholder to examine the books and records of a private corporation, a private right; but that an equitable proceeding is the remedy. Further bearing out this meaning of this language is the fact that this court on the same day in the Waters case, supra, reversed the judgment of the trial

court, which had granted mandamus to examine the same books and records involved in the *Scott* case, supra. The motion to review and overrule the cases of *Scott* v. *Flint River Pecan Co.*, and *Flint River Pecan Co.* v. *Waters*, supra, is denied for the reason that we think the ruling there made is sound.

The plaintiff in error cites cases to the effect that, under the common law, mandamus was the remedy available. The trouble with this argument is that in Georgia the subject of mandamus is controlled by statute, and the common-law rules are no longer applicable. The same may be said about cases cited from other jurisdictions now governed on the subject by the common law.

We reach the conclusion that in Georgia mandamus is not the remedy to enforce a purely private right of a stockholder against a corporation when the right sought to be enforced is in no way affected with a public interest. The remedy of the stockholder in such circumstances is in a court of equity.

*Judgment affirmed. All the Justices concur.*