22611, 22653. G. S. & M. COMPANY v. DIXON, Administrator (two cases).

22612. DIXON, Administrator v. G. S. & M. COMPANY.

ARGUED SEPTEMBER 15, 1964—DECIDED OCTOBER 14, 1964.

*G. Hughel Harrison,* for G. S. & M. Co.

*Sell & Comer, John D. Comer,* for Dixon.

GRICE, Justice. These cases involve a stockholder's right to inspect the corporation's records. They arose from an action filed in the Superior Court of Houston County by Robert Dixon, as administrator of the estate of Gaspore J. Nato, against G. S. & M. Company. In case number 22611 the corporation assigns error on the overruling of its general and special demurrers to the stockholder's petition and on the denial of its oral motion in the nature of a general demurrer to dismiss such petition. In case number 22612 the stockholder complains of the overruling of its demurrers to the corporation's answer. In case number 22653 the corporation asserts error in the granting of an injunction and a summary judgment to the stockholder.

■ In reviewing the overruling of the demurrers to the petition and the denial of the motion to dismiss, we need not consider the allegations and prayers relating to the corporation's refusal to issue a new certificate of stock, or those seeking to enjoin a stockholder's meeting. Subsequent events rendered those features moot. Nor must we deal with those allegations which were stricken pursuant to demurrer rulings favorable to the corporation and not complained of.

The petition, omitting such moot and stricken features, alleged insofar as material here the following.

The petitioner is administering the estate of a decedent who at the time of his death owned three-quarters of a share of stock in the defendant corporation. (There is no allegation as to the number of outstanding shares of the corporation.)

Petitioner, a bona fide stockholder, has requested the right to inspect the books of the corporation, including its bylaws, its minute books, and its financial records. Although his counsel has been allowed a limited examination of its financial records, the corporation has persistently refused to allow him to examine such minute books or bylaws.

The examination was asked in good faith for a specific and honest purpose, and not to gratify curiosity or for speculative

or vexatious purposes. The purpose is germane to petitioner's interest as a stockholder, is proper and lawful in character, and is not inimical to the interest of the corporation. He has asked that such inspection be allowed during reasonable business hours at the corporation's principal office in a named Georgia county.

A stockholders' meeting has been called for a specified date and place in the State of New York. The corporate charter does not provide that stockholders' meetings may be held outside the State of Georgia.

Petitioner has made persistent and repeated efforts to examine the corporation's books, records, and bylaws in order to ascertain the legality of such meeting, to determine the worth of the decedent's share for inventory and estate tax purposes, to ascertain whether the corporation's assets have been properly administered, and for other proper and legitimate purposes. But the corporation has refused to allow such examination.

Petitioner's prayers included that the corporation be enjoined from interfering with his right to inspect its books, records and documentary affairs, and that the court, by decree, cause the corporation to allow him to examine them at a reasonable time and place and under reasonable circumstances.

To such petition the corporation demurred generally and specially. All such demurrers, except those directed to two specific allegations, were overruled.

(a) The general demurrers and motion to dismiss present the issue whether a minority stockholder has a right to inspect the records of the corporation for the purposes alleged, where no fraud or acts ultra vires are charged and where redress for refusal to allow such inspection has not been sought within the corporation.

For support of its position that no right of inspection exists under such circumstances, the corporation relies upon *Code* § 22-711 and decisions applying it. This section provides, in material part, that "A minority stockholder may proceed in equity in behalf of himself and other stockholders for fraud or acts ultra vires against a corporation. . . But there must be shown—

"1. Some action or threatened action of the directors beyond the charter powers; or,

"2. Such a fraudulent transaction completed or threatened . . . as will result in serious injury to the company or other stockholders; or,

"3. That a majority of the directors are acting in their own interest in a manner destructive of the company, or of the rights of the other stockholders; or,

"4. That the majority stockholders are oppressively and illegally pursuing . . . a course in violation of the rights of the stockholders . . . ; and it must also appear—

"5. That petitioner has acted promptly; that he made an earnest effort to obtain redress at the hands of the directors and stockholders, or why it could not be done, or it was not reasonable to require it; and

"6. That petitioner was a stockholder at the time of the transaction of which he complains. . ."

By its own terms this Codal provision refers to a situation where the action by the minority stockholder is on account of fraud or acts ultra vires and, therefore, has no application here.

The instant petition does not charge fraud or any of the other acts, completed or threatened, enumerated in *Code* § 22-711.

Rather, it rests upon the right of a stockholder to inspect the corporate records, which right is not dependent upon fraud or such other acts. See 13 Am. Jur. 494, 495, Corporations, § 449.

That right is recognized in this State. A leading case declares: "A bona fide stockholder has the legal right to inspect the books and records of the company, where the examination is asked for in good faith for a specific and honest purpose, and not to gratify curiosity, or for speculating or for vexatious purposes; and provided further that the purpose of the stockholder desiring to make the examination is germane to his interest as a stockholder, proper and lawful in character, and not inimical to the interests of the corporation itself, and the inspection is made during reasonable business hours." *Winter v. Southern Securities Co.*, 155 Ga. 590 (1) (118 SE 214) (one Justice disqualified and one Justice dissenting). See also *Scott v. Flint River Pecan Co.*, 159 Ga. 668 (126 SE 769) (one Justice dissenting); *Bregman v. Orkin Exterminating Co.*, 213 Ga. 561 (100 SE2d 267). In this State, the right of inspection stems from the common law. Nadler, Georgia Corporation Law, p. 391, § 410.

Furthermore, the rule is that "A stockholder may inspect the books of the corporation for the purpose of informing himself as to the manner and fidelity with which the corporate affairs are being conducted. . . Inspection may also be required for the purpose of ascertaining the financial condition of the company, the value of its stock. . ." 13 Am. Jur. 489, 490, Corporations, § 443. For further treatment of such right of inspection, see 13 Am. Jur. 480, et seq., Corporations, § 432, et seq.; 18 CJS 1177-1178, Corporations, § 503, et seq.; Fletcher, Cyclopedia of the Law of Private Corporations (1952 Replacement Volume), § 2213, et seq.

The basis of this right is simple and logical: "The basis of the right of stockholders to inspect the books and records is the ownership of the corporate property and assets through ownership of shares; as owners, they have the right to inform themselves as to the management of their property by the directors and officers who are their trustees in direct charge of the property." Fletcher, Cyclopedia of the Law of Private Corporations (1952 Replacement Volume), § 2213.

This right is not dependent upon the amount of stock held. It is ". . . immaterial whether a stockholder asserting a right of inspection holds a few shares or many." 13 Am. Jur. 483, Corporations, § 435. See also, 18 CJS 1183, Corporations, § 507; Fletcher, Cyclopedia of the Law of Private Corporations (1952 Replacement Volume), § 2231.

The stockholder's allegations here fit the requirements for inspection stated in the *Winter* case, 155 Ga. 590, supra. The purposes of the desired inspection are proper. The petitioner alleged that he desires the right to inspect the books and records of the company in order that he may ascertain the legality of the stockholders' meeting, determine the worth of the shares of the decedent for inventory and estate tax purposes, ascertain whether the assets of the corporation have been properly administered, and for other proper and legitimate purposes. It alleged that the examination was asked in good faith and not to gratify curiosity, speculate or vex; that his purposes are germane to his interest as a stockholder and not inimical to the interest of the corporation; and that his request was reasonable as to time

and place. Thus, the petition sufficiently shows that the stockholder has the right to inspect and has been denied it.

We, therefore, hold that the trial court properly overruled the general demurrers to the petition and denied the oral motion to dismiss.

(b) We have carefully considered each of the numerous grounds of special demurrer. In the main they are directed to the form of designated allegations of the petition. None of such allegations, when considered with the remaining ones and in the light of the principles involved in Division 1 (a), are subject to the attacks made. The trial court properly overruled them.

■ We come next to the corporation's assignments of error complaining of the orders granting a temporary injunction and a summary judgment. The two orders, except for necessary differences as to procedural recitals, afforded almost identical relief. Insofar as material here they were as follows.

The corporation was enjoined from interfering with the stockholder in investigating, inspecting, studying, examining, and copying all of the documentary records of the corporation. It was ordered to allow the stockholder to examine and copy from them at reasonable times and places and under reasonable circumstances and to take necessary and reasonable steps to designate and identify records called for during such inspection.

The affidavits submitted for the temporary injunction hearing were also used in determining the motion for summary judgment.

As to the temporary injunction, the affidavits amply supported the material allegations of the stockholder's petition and thus, applying the principles enunciated in Division 1 (a), authorized the injunctive relief sought by the petition. It is not necessary to determine whether the injunction as granted was mandatory in character since any error in this respect was rendered harmless by the subsequent grant of the same relief by equitable decree in the summary judgment, and thus would not be cause for reversal.

As to the summary judgment, the affidavits sufficiently pierced the answer of the corporation, so as to establish the material allegations of the petition and show no genuine issue of material fact. Ga. L. 1959, p. 234 (*Code Ann.* § 110-1203); *Crutcher v.*

*Crawford Land Co.*, 220 Ga. 298 (138 SE2d 580) ; Moore's Federal Practice (2d Ed.), Vol. 6, § 56.11 [1] (2), p. 2059. Therefore, in view of the principles and ruling of Division 1 (a), the plaintiff was entitled to judgment as a matter of law and, under *Code* § 37-1203, the court properly moulded its decree to meet the exigencies of the case.

■ The assignment of error in case number 22612 is to the overruling of the stockholder's demurrers to the corporation's answer. This judgment is now moot because of the subsequent grant, and affirmance by this court in Division 2, of a temporary injunction and a summary judgment to the stockholder. Furthermore, it is not such a final judgment as can be reviewed by a direct bill of exceptions. *Shaw v. Miller*, 214 Ga. 225 (104 SE2d 128). Therefore, this writ of error must be dismissed.

*Judgment affirmed in case number 22611. Judgments affirmed in case number 22653. Writ of error dismissed in case number 22612. All the Justices concur, except Duckworth, C. J., who dissents.*