## 41407. STANDARD FACTOR & FINANCE COMPANY v. FINCHER.

ARGUED JULY 8, 1965—DECIDED SEPTEMBER 8, 1965.

*William F. Woods*, for plaintiff in error.

*Huie, Etheridge & Harland, W. Stell Huie, Tom Watson Brown*, contra.

JORDAN, Judge. ■ It has been expressly recognized by the Supreme Court of this State that: "A bona fide stockholder has the legal right to inspect the books and records of the company, where the examination is asked for in good faith for a specific and honest purpose, and not to gratify curiosity, or for speculating or for vexatious purposes; and provided further that the purpose of the stockholder desiring to make the examination is germane to his interest as a stockholder, proper and lawful in character, and not inimical to the interests of the corporation itself, and the inspection is made during reasonable business hours. 14 CJ 855; 7 R.C.L. 322, § 298 et seq.; Cook on Corporations (7th Ed.), § 511; Thompson on Corporations (2d Ed.) § 4515." *Winter v. Southern Securities Co.*, 155 Ga. 590 (118 SE 214). Such right may be enforced by a suit in equity to enjoin the offending corporation from interfering with the stockholder's right of inspection. *Scott v. Flint River Pecan Co.*, 159 Ga. 668, 681 (3) (126 SE 769); *Bregman v. Orkin Exterminating Co.*, 213 Ga. 561 (100 SE2d 267); *G. S. & M. Co. v. Dixon*, 220 Ga. 329 (138 SE2d 662).

This is in accordance with the well established rule prevailing in this country with the exception that in the great majority of jurisdictions it is held that mandamus is the proper remedy for the enforcement of a stockholder's right to inspect the books and records of a corporation (13 Am. Jur. 491, § 444; 22 ALR 99), while it is the rule in Georgia, because of the statutory restrictions on the nature and use of the writ of mandamus, that "mandamus is not the remedy to enforce a purely private right of a stockholder against a corporation when the right sought to be enforced is in no way affected with a public interest. The remedy of the stockholder in such circumstances is in a court of equity." *Bregman v. Orkin Exterminating Co.*, 213 Ga. 561, 563, supra.

■ Since it is settled that the remedy of a stockholder in circumstances such as these is in a court of equity (*Bregman v. Orkin Exterminating Co.*, supra), we must assume that this

case was transferred to this court by the Supreme Court because of the failure of the plaintiff to pray for an injunction or for other equitable relief to which he might be entitled. *Taylor Lumber Co. v. Clark Lumber Co.*, 159 Ga. 393 (125 SE 844); *Goodwyn v. Roop*, 181 Ga. 327 (182 SE 4). In any event the transfer of this case by the Supreme Court to this court is tantamount to a ruling that the petition does not state a cause of action for equitable relief (*Federal Land Bank of Columbia v. Shingler*, 45 Ga. App. 199, 164 SE 213; *Comstock v. Tarbush*, 73 Ga. App. 724, 726, 37 SE2d 925); and since the plaintiff expressly alleged that he did not have an adequate remedy at law and did not seek any legal relief in his petition, it necessarily follows that the petition did not set forth a cause of action. The trial court erred therefore in overruling the defendant's general demurrer and such error necessarily rendered the subsequent order of court nugatory.

*Judgment reversed. Felton, C. J., and Deen, J., concur.*