S13A0908. RIGBY et al. v. BOATRIGHT et al.

(751 SE2d 851)

HINES, Presiding Justice.

Julian Rigby and other members of the Board of Directors of the Satilla Rural Electric Membership Corporation appeal from the trial court's order granting a writ of mandamus to Jerry E. Boatright, acting individually and derivatively on behalf of the members of the Satilla Rural Electric Membership Corporation. For the reasons that follow, we reverse and remand the case to the trial court.

Boatright is a member of the Satilla Rural Electric Membership Corporation ("Satilla"). On May 29, 2012, Boatright submitted to Satilla's Credentials and Elections Committee a petition that nominated him as a candidate for election to Satilla's Board of Directors ("Board") for the seat that Rigby held. On June 13, 2012, Rigby challenged Boatright's qualifications to be a member of the Board, based upon Boatright's financial interest in Pike Electric, LLC ("Pike"). Under Satilla's bylaws,

> [n]o person shall be eligible to become or remain a Board Member of [Satilla] unless . . . he/she is in no way employed by or financially interested in a competing enterprise, a business selling electric energy, or a business from which [Satilla] is presently contracting with for services or supplies.

Pike is, and has been for some years, a contractor of Satilla's. In 2010, Boatright retired from long-term employment with Pike and, as of May 29, 2012, held Pike stock and a 401(k) account through Pike. On June 15, 2012, Boatright sold his Pike stock and, by June 21, 2012, had converted his 401(k) account to an individual retirement account that was devoid of any connection to Pike. On June 21, 2012, Satilla's Credentials and Elections Committee formally ruled that Boatright was not qualified to serve on the Board, citing the financial interest provision of the bylaws.

Boatright filed what the parties stipulate was a second petition for nomination as a candidate for a seat on the Board on June 28, 2012. By a vote of 4-3, the Credentials and Elections Committee declined to have a meeting to address this petition and considered its earlier decision regarding Boatright's qualifications based on the May 29, 2012 petition to be final. Boatright then brought this action, naming as defendants Satilla, members of the Board of Directors, and members of the Credentials and Elections Committee, in which he sought, inter alia, a temporary restraining order, interlocutory and permanent injunctions preventing the election for the Board position from proceeding without Boatright's appearance on the ballot, and a

writ of mandamus compelling the defendants to consider his second petition for nomination, determine that he was qualified to serve on the Board, and proceed accordingly with the election for Rigby's Board seat. The parties stipulated to certain facts and to the use of certain depositions; after a hearing, the trial court entered an order finding that the decision of the Credentials and Elections Committee was arbitrary and capricious, and granted Boatright a writ of mandamus. Rigby and other Board members (collectively "Board members") then brought this appeal.

The Board members contend that a writ of mandamus was not an available remedy in this instance. It is certainly true that, in general,

> [m]andamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy. It is a discretionary remedy that courts may grant only when the petitioner has a clear legal right to the relief sought or the public official has committed a gross abuse of discretion.

*R.A.F. v. Robinson,* 286 Ga. 644, 646 (1) (690 SE2d 372) (2010). Nonetheless, Boatright asserts that OCGA § 9-6-20[1] provides for the remedy of a writ of mandamus in this case. However, "[t]he provisions of [OCGA § 9-6-20] apply to public officers only." *Bregman v. Orkin Exterminating Co.,* 213 Ga. 561, 562 (100 SE2d 267) (1957). And, no basis has been presented for a conclusion that the Board members are public officers within the meaning of OCGA § 9-6-20; Satilla is not a governmental entity but a corporation established to provide energy services to its members. See OCGA § 46-3-170 et seq. See also *Ga. Power Co. v. Ga. Public Svc. Comm.,* 211 Ga. 223, 228 (1) (85 SE2d 14) (1954) ("'The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service, but it may act in a private capacity as distinguished from its public capacity, and in so doing is subject to the same rules as a private person.' [Cits.]"); *Morris v. Peters,* 203 Ga. 350, 356 (1) (46

---

[1] OCGA § 9-6-20 reads:
> All official duties should be faithfully performed, and whenever, from any cause, a defect of legal justice would ensue from a failure to perform or from improper performance, the writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights; provided, however, that no writ of mandamus to compel the removal of a judge shall issue where no motion to recuse has been filed, if such motion is available, or where a motion to recuse has been denied after assignment to a separate judge for hearing.

SE2d 729) (1948) (A public officer "is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public.").

Boatright also contends that OCGA § 9-6-23 provides for the remedy of a writ of mandamus in this case. That Code section reads: "A private person may by mandamus enforce the performance by a corporation of a public duty as to matters in which he has a special interest." OCGA § 9-6-23. However, by its explicit terms, the duty sought to be enforced must be a public one. Generally, in the context of mandamus, a public duty is one that affects the general public rather than a private individual. *Adams v. Ga. Dept. of Corrections*, 274 Ga. 461, 462 (553 SE2d 798) (2001). The duty herein asserted is to declare that Boatright is a person qualified to sit on the Board, a duty that is specific only to him.

In *Sylvania & G. R. Co. v. Hoge*, 129 Ga. 734, 740 (1) (59 SE 806) (1907), this Court approved the remedy of a writ of mandamus for stockholders attempting to compel the election of a board of directors of a railroad company. However, the duty at issue in that case was a statutory requirement to hold an annual meeting for the regular election of members of the board of directors. Id. Given that statutory duty, "any stockholder could by mandamus compel the calling of a meeting for the purpose of complying with the statutory duty." Id. Similarly, *Jackson Elec. Membership Corp. v. Matthews*, 211 Ga. 861 (89 SE2d 494) (1955), involved the duty of an electric membership corporation to provide electric line to a home, a duty which is based in statute. See also *Sawnee Elec. Membership Corp. v. Ga. Dept. of Revenue*, 279 Ga. 22, 23 (2) (608 SE2d 611) (2005) ("As set forth in the Georgia Electric Membership Corporation Act, OCGA § 46-3-170 et seq., one of the purposes of an EMC is to furnish electrical energy and service to its members. OCGA § 46-3-200 (1)."[2]). Although the relevant statutes contemplate that Satilla be governed by a board of directors, the qualifications of directors are largely left to Satilla's

---

[2] OCGA § 46-3-200 reads:
> An electric membership corporation may serve any one or more of the following purposes:
> (1) To furnish electrical energy and service;
> (2) To assist its members in the efficient and economical use of energy;
> (3) To engage in research and to promote and develop energy conservation and sources and methods of conserving, producing, converting, and delivering energy; and
> (4) To engage in any lawful act or activity necessary or convenient to effect the foregoing purposes.

bylaws, see OCGA § 46-3-290 (c),[3] as are many of the other details governing the selection and service of the board of directors. See OCGA §§ 46-3-290—46-3-295.

Further, even under OCGA § 9-6-23, "[a]s a general rule, mandamus will not lie to enforce purely private contract rights . . . ." *Carroll v. American Agricultural Chem. Co.*, 175 Ga. 855 (1) (167 SE 597) (1932). And, given the nature of Satilla's agreement with its members such as Boatright, Satilla's bylaws are construed according to principles of contract law. See *Rushing v. Gold Kist*, 256 Ga. App. 115, 117 (1) (567 SE2d 384) (2002). Simply put, a writ of mandamus under OCGA § 9-6-23 is not a remedy available to enforce the purely private right that Boatright is asserting. *Bregman*, supra at 562.

Nonetheless, this does not mean that Boatright is left without a remedy. Rather, the right he seeks to enforce may be addressed by a court of equity. *Bregman*, supra at 563. Boatright requested in his pleadings temporary and permanent injunctive relief, but the trial court's order did not rule upon these requests. Accordingly, the judgment of the trial court is reversed and the case is remanded to the trial court for consideration of Boatright's requests for injunctive relief.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 25, 2013.

*Kenneth E. Futch, Jr.*, for appellants.
*Roberts Tate, James L. Roberts IV*, for appellees.

---

[3] OCGA § 46-3-290 reads:

(a) Subject to the provisions of the articles of incorporation or the bylaws, the business and affairs of an electric membership corporation shall be managed by a board of directors.

(b) No limitation upon the authority which the directors would have in the absence of such limitation, whether contained in the articles of incorporation, bylaws, or otherwise, shall be effective against persons, other than members and directors, who are without actual knowledge of such limitation.

(c) Directors shall be natural persons of the age of 18 years or over. The articles of incorporation or bylaws may prescribe additional qualifications for directors.

(d) The compensation, if any, of directors for their services as such shall be on a per diem basis and, unless otherwise provided in the bylaws, shall be fixed by the board of directors. Directors also shall be entitled to reimbursement of expenses actually and necessarily incurred by them in the performance of their duties.