# Court of Appeals
# of the State of Georgia

ATLANTA,  November 29, 2017

*The Court of Appeals hereby passes the following order:*

**A18D0185.  DANIEL SPOTTSVILLE v. WARDEN HILTON HALL et al.**

Prisoner Daniel Spottsville filed a civil action against Warden Hilton Hall and others in the Coffee County Superior Court, alleging that he was denied access to the courts due to the inmate mail policy at Coffee Correctional Facility.  On September 6, 2017, the trial court entered an order granting summary judgment to the defendants.  On September 25, 2017, Spottsville filed a notice of appeal in the superior court, indicating his wish to appeal the summary judgment order to this Court.  On November 8, 2017, he filed a "Motion for an Appeal (Out of Time)" in this Court, which we have docketed as the instant application for discretionary appeal.

In his motion, Spottsville argues that the Clerk of the Coffee County Superior Court "did not comply with well established statutes/law" when she failed to properly file his notice of appeal and timely transmit the appellate record to this Court.  Accordingly, Spottsville asks this Court to "grant relief to allow [him] to appeal summary judgment from Coffee Co. Superior Court."  In substance, Spottsville is seeking mandamus relief from this Court to compel the Clerk of the Coffee County Superior Court to carry out her statutory duties.  See *Rigby v. Boatright*, 294 Ga. 253, 254 (751 SE2d 851) (2013) ("[M]andamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy." (punctuation omitted)).

"Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare."  *Brown v.*

*Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). This, however, is not one of one those "extremely rare" cases when this Court will exercise original mandamus jurisdiction because – even assuming the Clerk of the Coffee County Superior Court has failed in her duties[1] – Spottsville has no right of direct appeal from the summary judgment order.

Because Spottsville is incarcerated, his appeal is controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq. Under OCGA § 42-12-8, an appeal of a civil action filed by a prisoner "shall be as provided in Code Section 5-6-35," which requires the filing of an application for discretionary appeal.[2] See *Jones v. Townsend*, 267 Ga. 489 (480 SE2d 24) (1997). Spottsville should be familiar with this rule, as we have previously dismissed eight direct appeals that he filed in civil cases while he was incarcerated. See *Spottsville v. Kessler*, Case No. A11A1557 (dismissed May 24, 2011); *Spottsville v. Terry*, Case Nos. A11A1310 & A11A1311 (dismissed April 1, 2011); *Spottsville v. Tillman*, Case No. A08A1655 (dismissed April 1, 2008); *Spottsville v. Tillman*, Case No. A08A0994 (dismissed February 12, 2008); *Spottsville v. Taylor*, Case Nos. A03A0258 & A03A0256 (dismissed June 17, 2003); *Spottsville v. Caullens*, Case No. A03A2057 (dismissed June 17, 2003). Because Spottsville had no right to directly appeal the summary judgment order, we

---

[1] Spottsville included as an exhibit to his motion a copy his notice of appeal bearing a file-stamp date of September 25, 2017, which is well within the 30-day deadline for filing a notice of appeal from the September 6, 2017 summary judgment order. See OCGA § 5-6-38 (a). Thus, it appears that the Clerk did, in fact, file his notice of appeal. The appeal, however, has not yet been docketed here.

[2] We cannot construe this filing as an application for discretionary appeal from the summary judgment order because the arguments in Spottsville's motion concern the processing of his appeal, not the merits of the underlying order. And even if we could consider this as an application for discretionary appeal from the summary judgment order, we would have to dismiss it as untimely. A discretionary application must be filed within 30 days of entry of the judgment sought to be appealed. OCGA § 5-6-35 (d). Here, the summary judgment order was entered on September 6, 2017, but Spottsville did not file his "Motion for an Appeal (Out of Time)" until 63 days later, on November 8, 2017.

decline to grant the relief he requests.

Spottsville's "Motion for an Appeal (Out of Time)" is hereby DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  11/29/2017*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*